■ In the Matter of the Estate of DENNIS A. SPERRY, Deceased. STATE TAX COMMISSION, Appellant; SHIRLEY K. SPERRY et al., as Executors of DENNIS A. SPERRY, Deceased, Respondents.— Appeal by the State Tax Commission from an order of the Surrogate's Court of Franklin County which affirmed a previous order of that court fixing the tax imposed on decedent's estate by article 10-c of the Tax Law. The issue is as to the applicability of the statutory provisions for a marital deduction (Tax Law, § 249-s, subd. 3) to the interest in property passing from decedent by virtue of testamentary provisions made for the benefit of his widow. By his will, decedent created a trust to consist of his residuary estate and to be administered by his executrixes, they being his widow and his sister, the income to be divided between them during "their respective lifetimes", and, on the death of either, the total income

to be paid to the survivor for her lifetime. The will further provided: " (c) If for any reason my executrixes deem it necessary for the comfort, support and maintenance of either or both of my said wife or my said sister, in sickness or in health, to use a part of the principal of said Trust Fund for that purpose, I hereby authorize and empower my executrixes or executrix, as the case may be, to use so much thereof as in their judgment may be necessary but not to exceed one-half of said principal of said Trust Fund for either my wife, Shirley K. Sperry or my sister Winifred I. L. Sperry." Provisions disposing of the trust remainder followed. By Tax Law (§ 249-s, subd. 3, par. [f]), the marital deduction is made applicable (within the general limitations elsewhere prescribed), to "an interest in property passing from the decedent if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof * * * with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others) ". The last sentence of such paragraph " (f) " quoted provides for its applicability only if the power to appoint " is exercisable by such spouse alone and in all events ". The Surrogate found that the will conferred upon the widow power to appoint one half of the corpus, "free of the trust, to herself, that is, that there is a power of invasion of that one-half ". The power to invade was, in terms, conferred upon "my executrixes or executrix, as the case may be ". The Surrogate considered that the use of these words contemplated not merely action by a surviving executrix " but also the actions of each executrix while both survive ". This construction seems to us strained as we consider that ordinarily the phrase " as the case may be " would not, in this context, permit the secondary connotation which the Surrogate would allow. The first phrase of the paragraph, " If for any reason my executrixes deem it necessary " imports a joint exercise of discretion as do the words " so much thereof as in their judgment may be necessary " which follow the language upon which the Surrogate relied. It is questionable whether the power to consume was unlimited, but in any event it was not " exercisable by such spouse alone " within the requirements of the statute. Order reversed and matter remitted to the Surrogate's Court for entry of an order in accordance herewith, without costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.